UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **BRADLEY DEAN PATTERSON** | **CIVIL ACTION NO. 07-392-P** |
| **VERSUS** | **JUDGE HICKS** |
| **PARISH OF CADDO, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Bradley Dean Patterson ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on March 1, 2007. Plaintiff is incarcerated at the Red River Parish Jail in Coushatta, Louisiana. He claims his civil rights were violated during his state criminal trial proceedings. He names the Parish of Caddo, Judge Michael R. Walker and District Attorney Paul J. Carmouche as defendants.

Plaintiff claims he was arrested on December 13, 2004. He claims his trial was set for May 8, 2006. He claims his trial date was reset for June 26, 2006 because the State was unprepared. He claims his trial date was reset for August 21, 2006. He claims his trial date was upset and continued until September 19, 2006 for further proceedings.

Plaintiff claims that on September 20, 2006, he filed a motion for a fast and speedy trial. He claims his motion was not addressed within 120 days as mandated by La. C.Cr.P. art. 701.

Plaintiff claims that on January 23, 2007, his attorney filed an application for writ of habeas corpus. He claims Judge Michael Walker suspended his application.

Plaintiff claims that on April 3, 2007, he appeared in court for a hearing regarding his motion to be released on bail. He claims Judge Michael Walker ordered his attorney and the district attorney to submit briefs regarding the matter. He claims Judge Michael Walker denied his motion even though it was meritorious.

He claims Judge Michael Walker violated the Judicial Code of Conduct. He further claims Judge Michael Walker denied his motion to address constitutional violations. He claims Judge Michael Walker signed orders in his probation case which was assigned to Judge Charles Scott.

Accordingly, Plaintiff seeks injunctive relief, monetary compensation, any other relief to which he is entitled and his immediate release from incarceration.

For the following reasons, Plaintiff's civil rights complaint should be dismissed.

## LAW AND ANALYSIS

**Parish of Caddo**

Plaintiff names the Parish of Caddo as a defendant in this action. However, Plaintiff fails to make any allegations in his complaint or amended complaint against the Parish of

Caddo. Accordingly, the Parish of Caddo should be dismissed with prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e).

**District Attorney Paul J. Carmouche and Staff**

Plaintiff claims his trial date was upset because the State was unprepared. He claims the State failed to prosecute him in a timely manner after he filed his motion for a fast and speedy trial. Prosecutors have absolute immunity when acting in a quasi-judicial mode. Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. Geter, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged unequivocally falls within the authority of the District Attorney and Assistant District Attorneys as quasi-judicial officers of the court and in the ordinary exercise of their quasi-judicial duties.

Accordingly, Plaintiff's civil rights complaint against District Attorney Paul Carmouche and his staff should be dismissed as frivolous.

**Judge Michael Walker**

Plaintiff claims Judge Michael Walker violated his right to a fast and speedy trial and denied his release on bail. He claims Judge Michael Walker suspended his application for a writ of <u>habeas</u> <u>corpus</u>. He claims Judge Michael Walker signed orders in his probation case which was assigned to another judge. He claims Judge Michael Walker denied his motion to address constitutional violations. He claims Judge Michael Walker's actions violated the Judicial Code of Conduct. Plaintiff cannot allege claims against Judge Walker. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. <u>Pierson v. Ray</u>, 386 U.S. 547, 87 S.Ct. 1213 (1967); <u>Stump v. Sparkman</u>, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. <u>Brewster v. Blackwell</u>, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties.

Accordingly, Plaintiff's civil rights claim against Judge Walker should be dismissed as frivolous.

**Habeas**

Petitioner claims he is a pretrial detainee and he seeks his immediate release from incarceration. Thus, this Court will consider his request for immediate release from

incarceration as one for relief pursuant to 28 U.S.C. §2241.

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

Eligibility to proceed under Section 2241 depends upon the fulfillment of two prerequisites. The statute itself requires that petitioner must be "in custody" in order to seek habeas relief. Once petitioner has met this prerequisite, he must then show that he has exhausted available state remedies. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 433 (1983). The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir. 1987).

Furthermore, pretrial habeas relief is not a tool which can be used to derail or interfere with a state's criminal process. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 442 (1973). Absent exceptional circumstances, this

Court is not authorized to interfere with state trial court proceedings. Braden, supra.

Based on the documentation provided by Petitioner, it does not appear he has presented his claims for habeas relief to the appropriate state courts for review and determination. Therefore, Petitioner has not exhausted available state remedies prior to filing his habeas claim in this Court.

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); Rose v. Lundy, supra.

Accordingly, Plaintiff claims for habeas relief should be dismissed without prejudice for failure to exhaust state court remedies.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis, if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an in forma pauperis (IFP) proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke

v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e) and his claim for habeas relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 15th day of July 2007.

_____<br>
MARK L. HORNSBY<br>
UNITED STATES MAGISTRATE JUDGE